IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:24-CR-73-TAV-DCP |
| ADRIAN L. GIBSON and WILLIAM T. NUNLEY, JR., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant William Nunley's Motion to Continue Trial and Related Hearings and Deadlines [Doc. 35], filed on August 25, 2024.

Defendant Nunley asks the Court to continue the trial date and all relevant deadlines [Doc. 35]. In support of his motion, Defendant Nunley notes that his counsel was appointed on June 18, 2024 [*Id.* ¶ 1].[1] At the time of filing this motion, he was awaiting further discovery [*Id.* ¶ 2]. He needs time to review and discuss discovery materials and otherwise prepare for trial [*Id.* ¶ 3]. Defendant represents that he understands his right to a speedy trial and that the Government does not object to a continuance [*Id.* ¶¶ 5–6]. Counsel for Defendant Gibson confirmed with chambers via email that Defendant Gibson understands his right to a speedy trial and does not object to a continuance.

---

[1] This appears to be a typo that does not affect the merit of Defendant Nunley's argument. On June 28, 2024—rather than June 18, 2024—the Court appointed CJA Panel Attorney Rachel L. Wolf to represent Defendant Nunley [Doc. 5].

Based on the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A).  In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary to effectively prepare for trial, accounting for the exercise of due diligence.  *See id.* § 3161(h)(7)(B)(i)–(iv).  The Court finds that this cannot occur before the trial date of September 17, 2024.

The Court therefore **GRANTS** Defendant William Nunley's Motion to Continue Trial and Related Hearings and Deadlines [**Doc. 35**].  The trial of this case is reset to **December 17, 2024**. A new, comprehensive, trial schedule is included below.  Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, the time between the filing of the initial motion on August 25, 2024, and the new trial date is fully excludable time under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant William Nunley's Motion to Continue Trial and Related Hearings and Deadlines [**Doc. 35**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **December 17, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **August 25, 2024**, and the new trial date of **December 17, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 18, 2024**;

(5) the deadline for filing motions *in limine* is **December 2, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **December 3, 2024, at 2:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **December 6, 2024**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge